UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | Case No.: 1:12-cv-01366-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　Petitioner filed the instant federal petition on August 13, 2012, in the U.S. District Court for the Central District of California; the case was transferred to this Court on August 19, 2012. (Docs. 1 & 3). A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed. Normally, under such circumstances, the Court would afford Petitioner an opportunity to file an amended petition that contains further details and alleges articulable constitutional violations by Respondent. However, because it does not appear

that Petitioner's claims, even if properly alleged and proven, would invoke the Court's habeas jurisdiction, the Court will recommend that the petition be dismissed entirely.

      A.   <u>Failure To State A Cognizable Habeas Claim</u>.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was

2

based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner appears to raise only state law claims, i.e., the fairness of prison policies and actions under state law, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

Here, Petitioner challenges a "custodial counseling chrono" he received regarding an incident on December 20, 2011, in which Petitioner violated prison rules by covering his cell front with a blanket. Petitioner contends that he did this in order to avoid being seen naked by female prison staff. However, Petitioner fails to articulate any federal constitutional violation inherent in the actions of Respondent's personnel that resulted in the "custodial counseling chrono" being placed in Petitioner's file. Normally, the Court would then order Petitioner to file an amended petition containing facts and alleging constitutional claims that would support the Court's habeas jurisdiction. However, as indicated below, Petitioner's claims, even if proven, do not invoke the Court's habeas jurisdiction since they do not appear to affect the length of Petitioner's incarceration.

B. Lack of Habeas Jurisdiction.

In this case, Petitioner challenges the placement in Petitioner's prison file of a chronological report ("chrono"), written by Correctional Officer M. Whitman on December 20, 2011, for violating one of the guidelines in the Administrative Segregation Orientation Handbook at Pelican Bay State

1  Prison, which provides that "No cell coverings, either partial or complete, including, but not limited
2  to: paper, cardboard, or drawings, etc., of a cell door, window, or bunk, which impedes the visual
3  observation into the cell of the occupant, will be allowed." (Doc. 1, p. 15). As a result of the
4  counseling chrono, Petitioner was not sanctioned with the loss of any privileges or with the loss of any
5  credits; however, Petitioner contends that, in the future, the chrono will have a negative effect on his
6  chances for being found suitable for parole. (Doc. 1, p. 3).

7  In California, minor misconduct may be addressed by verbal counseling without a written
8  report of the misconduct or counseling. Cal. Code Regs., title 15, § 3312(a)(1). When similar minor
9  misconduct recurs after verbal counseling, or if documentation of minor misconduct is needed, a
10 description of the misconduct and counseling provided shall be documented on a CDCR Form 128-A
11 ("counseling chrono"). Cal. Code Regs., title 15, § 3312(a)(2). When a prison inmate is charged with
12 a serious rules violation that is believed to be a violation of law, he is served with a CDCR 115
13 citation ("Rules Violation Report"). Cal. Code Regs., title 15, § 3312(a)(3); In re Johnson, 176
14 Cal.App.4th 290, 294 (Cal.App. 2009). CDC 115 citations are either "administrative," resulting in a
15 loss of various prison privileges and assignment of extra duty but no credit loss, or "serious,"
16 resulting, inter alia, in loss of credits of up to 360 days. Cal. Code Regs., title 15, § 3313(a); §§
17 3314(e); 3315(f)(3); 3323(b)-(h).

18 The Ninth Circuit has long held that "habeas jurisdiction is absent where a successful challenge
19 to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334
20 F.3d 850, 859 (9th Cir. 2003). Habeas jurisdiction is appropriate for attacking disciplinary findings
21 only as long as an expungement of the disciplinary finding is "likely to accelerate the prisoner's
22 eligibility for parole." Bostic v. Carlson, 884 F.3d 1267, 1269 (9th Cir. 1989).

23 As mentioned, Petitioner does not allege that he suffered any direct or indirect loss of credits as
24 a result of the chrono that would have affected the length of his sentence. Rather, Petitioner contends
25 that the chrono will have a negative impact on his chances at his next parole hearing. Petitioner
26 presents no probative evidence, either through testimony or documents, that such an innocuous chrono
27 would likely have an effect of a prisoner's future suitability hearing. By themselves, Petitioner's
28 subjective speculation about the effect, if any, of the challenged counseling chrono on the Board's

future decisions are entirely insufficient to support the Court's habeas jurisdiction. The possibility that this incident, which is, by definition, a minor incident, will have any appreciable impact on some future decision by the Board of Parole Hearings, which is required by law to consider a wide range of circumstances in making its decision regarding Petitioner's suitability for release on parole, is both impossible to quantify and completely speculative. Whatever the effect, if any, of this chrono, the Court *cannot* conclude that its removal would "necessarily shorten [Petitioner's] sentence."

Courts in this jurisdiction have repeatedly upheld the dismissal of habeas petitions challenging the placement of counseling chromos in inmates' prison files. See Reed v. Castro, 210 Fed. Appx. 633, 634-35, 2006 WL 3611431, at *1 (9th Cir. 2006)(upholding district court's dismissal of habeas petition because petitioner received only a "counseling chrono" and did not lose any sentencing credit"); Perrotte v. Sullivan, 2010 WL 476006 (E.D. Cal. Feb. 4, 2010)(court lacks habeas jurisdiction over placement of informational chrono in petitioner's prison file); Ontiveros v. Subia, 2009 WL 385786, at *2 (E.D. Cal. Feb. 9, 2009)(court lacks habeas jurisdiction because petitioner was challenging rules violation report that was reduced to a counseling chrono that did not result in loss of credits); Anaya v. Superior Court, 2007 WL 1054270, at *2 (E.D. Cal. April 4, 2007)(habeas jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary finding is likely to accelerate the prisoner's eligibility for parole); Trinidad v. McGrath, 2002 WL 1226851, at *1 (N.D. Cal. June 4, 2002)(petitioner's challenge to allegedly false document regarding petitioner's gang affiliation that was placed in his prison file could not support habeas relief because it implicated only conditions of confinement, not the fact or duration of confinement). Therefore, the Court lacks habeas jurisdiction to consider Petitioner's claims.

**ORDER**

For the foregoing reasons, the Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the petition for writ of habeas corpus (Doc. 1), be **DISMISSED** for lack of habeas jurisdiction.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2012**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE